# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv09

| | |
|---|---|
| MAY K. BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| SEGWAY, INC. and ELECTRIC AVENUE, INC., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand to Buncombe County Superior Court [Doc. 6].

## PROCEDURAL HISTORY

On January 20, 2011, the Defendant Segway, Inc. (Segway) removed this action from state court based on diversity jurisdiction. [Doc. 1]. Segway attached as an exhibit to the Notice of Removal a Consent to Removal signed by counsel for Defendant Electric Avenue, Inc. (Electric). [Doc. 1-10]. The underlying state court action was filed on October 25, 2010 and the summons issued on that same date. [Doc. 1-1]. Electric was served on November 4, 2010 and Segway was served on November 22, 2010. [Doc. 1-2; Doc. 1-4].

In the Complaint, the Plaintiff seeks monetary damages in connection with a personal injury sustained while using a product manufactured by Segway and distributed by Electric. Electric filed Answer in the state court action. [Doc. 1-7]. Segway filed Answer after removal to this Court. [Doc. 4].

On June 6, 2011, Electric was granted leave to file a Third-Party Complaint against the North Carolina Arboretum Society (Arboretum), a North Carolina non-profit corporation. [Doc. 24]. Arboretum filed Answer to the Third Party Complaint but did not state any claim directly adverse to the Plaintiff. [Doc. 28].

The Plaintiff moved to remand the case to state court. Segway opposes the motion but Electric has not filed a response.

## DISCUSSION

A notice of removal of a civil action "shall be filed" within thirty days of receipt by the defendant of the initial pleading. 28 U.S.C. §1466(b). Electric was served on November 4, 2010 and Segway was served on November 22, 2010. The case was not removed, however, until January 20, 2011, more than thirty days after service on the Defendants. The Plaintiff's motion to remand is based on the fact that the removal was filed out of time. The Plaintiff also cites the initiation of discovery and other pre-trial filings in the state court action in support of remand. In addition, she argues that Electric

2

has not properly consented to the removal because its written consent was only attached as an exhibit to Segway's Notice of Removal, [Doc. 1-10], but was not separately filed by Electric.

Segway has responded that it was not initially obvious from the Complaint that the jurisdictional threshold amount of $75,000.00 was in controversy in this case. It cites §1446(b) which provides that if the case "stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant" of a pleading showing the case is removable. That pleading, Segway claims, was the Plaintiff's response in the state court action to Segway's Request for Statement of Monetary Relief Sought which disclosed that her claim exceeded $75,000.00. [Doc. 1-9]. Segway also points out that Plaintiff's response was not received until January 3, 2011. Thus, the Notice of Removal filed on January 20, 2011 was timely.

The Court first addresses the issue of whether the joinder of Arboretum, a North Carolina corporation, as a third-party defendant destroys diversity jurisdiction. "[A] third-party defendant joined under Federal Rule of Civil Procedure 14 does not become a defendant as against the original plaintiff, so that federal jurisdiction is not destroyed where those parties are citizens of the same state." Spring City Corp. v. American Bldgs. Co., 193 F.3d 165, 169

(3rd Cir. 1999); Caterpillar Inc. v. Lewis, 519 U.S. 61, 67 n.1, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) ("The fact that [plaintiff] and [third-party defendant] may be co-citizens is completely irrelevant. Unless [plaintiff] chooses to amend his complaint to assert a claim against [third-party defendant], [plaintiff] and [third-party defendant] are simply not adverse, and there need be no basis of jurisdiction between them."); Claudio v. MGS Machines Corp., 2011 WL 1642469 (E.D.Pa. 2011) (federal subject matter jurisdiction does not require diversity between plaintiff and third-party defendant when there are no direct claims between them).

The Court next addresses the Plaintiff's claim that the removal did not occur within thirty days of service on Electric, as the first-served defendant. The United States Court of Appeals for the Fourth Circuit recently reiterated its position adopting "the McKinney Intermediate Rule, which requires a notice of removal to be filed within the first-served defendant's thirty-day window but gives later-served defendants thirty days from the date they were served to join the notice of removal." Barbour v. Intern. Union, 640 F.3d 599, 607 (4th Cir. 2011), citing McKinney v. Board of Trustees of Mayland Community College, 955 F.2d 924 (4th Cir. 1992); Cf., Barbour v. Int'l Union, 594 F.3d 315, 326 (4th Circ. 2010). In this case, neither defendant filed a notice of removal within thirty days of service. The issue therefore is whether the second

4

paragraph of §1446(b) applies; that is, that the defendants first became aware on January 3, 2011 that the jurisdictional threshold had been reached for diversity jurisdiction and timely removed thereafter.

"Generally, the amount specified in the complaint will determine whether the jurisdictional amount is satisfied for purposes of removal." Bartnikowski v. NVR, Inc., 307 Fed.Appx. 730, 734 (4th Cir.2009). "Determining the amount in controversy becomes more difficult, however, where, as here," the amount is not particularly disclosed in a state court complaint. Id. In North Carolina, "a plaintiff can plead for judgment in excess of a certain dollar amount, ...making it difficult to determine the exact amount in controversy[.]" Id.; Lee Elec. Const., Inc. v. Eagle Elec., LLC, 2003 WL 21369256 (M.D.N.C. 2003), citing N.C.R.C.P. 8(a)(2) and 14C Charles Alan Wright, Federal Practice and Procedure, §3725 at 79 (3d. 1998). Such is the case here where the Plaintiff, in accord with the ordinary practice in North Carolina state courts, alleged that her damages are in excess of $10,000.00. Id.

As a result, on December 1, 2010, Segway served on the Plaintiff a Request for Statement of Monetary Relief Sought pursuant to North Carolina Rules of Civil Procedure.[1] [Doc. 1-8]. On January 3, 2011, the Plaintiff

---

[1] It bears noting that Segway did not waste any time, having been served on November 22, 2010.

5

responded that she sought $250,000.00 in monetary relief. [Doc. 1-10]. The Court finds that the removal of the case from state court on January 20, 2011 was therefore "within thirty days after receipt by the defendant, through service ..., of a copy of ... other paper from which it may first be ascertained that the case is one which is or has become removable[.]" 28 U.S.C. §1446(b); Lovern v. General Motors Corp., 121 F.3d 160, 161 (4th Cir. 1997) (defendant timely removed the case on diversity grounds within thirty days after receipt of answers to interrogatories showing diversity even though filed eighty-eight days after service of a complaint which did not reveal citizenship); Boss v. Nissan North America, Inc., 228 Fed.Appx. 331 (4th Cir.2007) (documents showing diversity revealed during discovery in state court action qualify as "other paper" pursuant to §1446(b)); Lee Elec. Const., Inc., 2003 WL 21369256 (response to request for statement of monetary relief suffices as "other paper"); Hoffman v. Vulcan Materials Co., 19 F.Supp.2d 475 (M.D.N.C. 1998).[2]

The Plaintiff, however, argues that both Defendants should have been able to ascertain from the allegations of the originally filed Complaint that the

---

[2]The "other paper" which first disclosed the jurisdictional amount was provided in response to a procedure invoked by Segway. As a result, the Court does not find it problematic that Segway was the second-served defendant. Segway was, in fact, the first-served defendant with regard to the "other paper" in which it was first disclosed that the jurisdictional threshold was met.
6

amount in controversy exceeded $75,000.00 even though the Plaintiff only demanded damages in excess of $10,000.00. The allegations of the Complaint are:

> [W]hile Plaintiff was riding the SEGWAY XT in accordance with the instructions she had received, the device suddenly stopped and, without warning, threw the Plaintiff ... off the machine, causing her to strike her leg and hip and body against the pathway. As a direct and proximate result of Plaintiff's fall, she sustained serious, painful, and permanent injuries and fractures to her hip and leg which has resulted in substantial permanent disability, loss of earnings, lost earning capacity and substantial medical and hospital expenses.

[Doc. 1-1, at 5-6].

The Plaintiff is the master of her Complaint but having accepted that role, she may not "obscure[ ] or omit[ ], or indeed misstate[ ]" the facts therein in order to make the initial pleading not removable. Lovern, 121 F.3d at 162.

> [T]he statute expressly encompasses the case in which the actual facts supporting federal jurisdiction remain unaltered from the initial pleading, but their existence has been *manifested* only by later papers, revealing the ground for removal for the first time. It thus appears that the statute does not preclude defendants from removing a case where their discovery of the grounds of federal jurisdiction is belated because facts disclosing those grounds were inadequately or mistakenly stated in the complaint. Given this interpretation, [the Fourth Circuit] will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, [this Circuit] will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or other

7

subsequent paper.

Id. (emphasis in original).

To accept the Plaintiff's position would have required defense counsel to sign and file a Notice of Removal upon service of the original Complaint in violation of Rule 11 of the Federal Rules of Civil Procedure. Id.; accord, Lee Elect. Const., Inc., 2003 WL 21369256. The statute was not intended to place a defendant and his attorney in such a position. Id.; Hoffman, 19 F.Supp.2d at 479. Moreover, in this case, Segway immediately served the appropriate procedural device by which to ascertain whether the jurisdictional amount was met when it served a Request for Statement of Monetary Relief Sought. Id.; Honeycutt v. Dillard's Inc., 989 F.Supp. 1375 (D.Kan. 1997). From the four corners of the original Complaint, it could be determined that it was *possible* that the Plaintiff sought damages in excess of $75,000.00 but it could by no means be ascertained with any clarity or certainty from the face of that document. This Court will not inquire into the subjective knowledge of the Defendant. Harris v. Bankers Life and Cas. Co., 425 F.3d 689 (9th Cir. 2005); Whitaker v. Am Telecasting, Inc., 261 F.3d 196, 206 (2d Cir. 2001).

The Court has considered the cases cited by the Plaintiff and finds them inapposite. See, e.g., Roe v. Michelin North America, Inc., 613 F.3d 1058 (11th Cir. 2010) (complaint in which wrongful death alleged showed claim in

excess of $75,000.00 and discussing Louisiana cases in which plaintiff is not allowed to specify amount of damages); Stone v. Nirvana Apts., 2008 WL 4844715 (W.D.Tex. 2008) (complaint contained sufficient detail of injuries, including severe scalding, scarring, skin grafts, disfigurement, past and future medical care to show amount); Fire Ins. Exchange v. Target Corp., 2008 WL 3049896 (S.D.Tex. 2008) (complaint alleging wrongful death by fire alleged showed claim in excess of jurisdictional amount); Richman v. Zimmer, Inc., 644 F.Supp. 540 (S.D.Fla. 1986) (court looked beyond face of the complaint to consider settlement amounts in cases involving same product); Weiderspahn v. Wing Enterprises, Inc., 2009 WL 2070353 (D.N.J. 2009) (defendant had actual knowledge of extent of injuries); Carroll v. United Air Lines, Inc., 7 F.Supp.2d 516 (D.N.J. 1998) (plaintiff alleged willful misconduct pursuant to Warsaw Convention which limits damages to $75,000 unless wilful misconduct shown). Only Lee v. Altamil Corp., 457 F.Supp. 979 (D.C. Fla. 1978) (allegation of serious permanent injury, substantial medical expenses, great pain and suffering in case where bulk feed tank injured plaintiff sufficient to show damages in excess of $10,000) is somewhat analogous to the present case. In Lee, however, the allegations regarding the harm befallen the plaintiff much more clearly indicated that the threshold amount had been reached, as opposed to the vague and ambiguous

9

allegations in this matter.

The Plaintiff's final claim is that Electric did not properly consent to the removal.

> While the failure of one defendant to consent renders the removal defective, each defendant need not necessarily sign the notice of removal. There must, however, "be some timely filed written indication from each served defendant," or from some person with authority to act on the defendant's behalf, indicating that the defendant "has actually consented" to the removal. ... [Electric's] attorney signed [its] written consent in a timely fashion, it was attached to [Segway's] notice of removal as an exhibit, not a stand-alone pleading[.] ... The exhibit sufficiently represented [Electric's] consent to removal[.]

Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008); Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 76 (1st Cir. 2009) ("the consensus among courts is that conduct less explicit than joining the notice will suffice"); Proctor v. Vishay Intertechnology, Inc., 584 F.3d 1208, 1225 (9th Cir. 2009) ("one defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient"); Wolfenden v. Long, 2010 WL 2998804 (E.D.N.C. 2010) (noting that although the Fourth Circuit has not addressed the issue, district courts require each defendant to file some document expressing consent); Ammar's, Inc. v.Singlesource Roofing Corp., 2010 WL 1961156 (S.D.W.Va. 2010) (although all defendants not required to sign the same document, each defendant must officially and unambiguously consent).

10

On January 13, 2011, Electric's attorney signed a Consent to Removal which was attached as an exhibit to Segway's Notice of Removal. [Doc. 1-10]. Plaintiff's counsel acknowledges that this consent was filed. [Doc. 7 at 5]. Plaintiff nonetheless makes the puzzling statement that "Defendant Electric Avenue has filed nothing with the court joining in or consenting to the removal of this action." [Id.]. Apparently, Plaintiff relies on the simple fact that the consent, though signed by counsel for Electric Avenue, was *filed* (i.e., entered into the Court's electronic filing system) by Defendant *Segway* as an attachment to its Notice of Removal. [Doc. 1, 1-10]. For this, Plaintiff relies on Wolfenden v. Long, 2010 U.S. Dist LEXIS 75073 (E.D.N.C. 2010). That case, however, does not support Plaintiff's position. In Wolfenden certain defendants did not join in the removal but subsequently filed responses opposing the plaintiff's motion for remand. The Court held that this was insufficient to have unambiguously manifested consent to the original act of removal within the requisite time. Id. at *9. The consent in the present case is in no manner ambiguous. The question of who entered the document into the Court's electronic filing system in no way manifests any ambiguity as to whether Defendant Electric Avenue actually consents - just as the document unequivocally says it does. The Court finds this document to be sufficient to consent, officially and unambiguously, to the removal.

11

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Remand to the Buncombe County Superior Court [Doc. 6] is hereby **DENIED**.

Signed: August 20, 2011

Martin Reidinger
United States District Judge